McCABE v. INTERNATIONAL RY. CO. et al.

(Supreme Court, Appellate Division, Fourth Department.   March 8, 1911.)

STREET RAILROADS (§ 98*) — INJURY TO PERSONS ON TRACK — CONTRIBUTORY NEGLIGENCE.

> Where the plaintiff and his wife saw or could have seen a rapidly approaching car coming down the street in broad daylight, and the wife stepped on the track when the car was not more than five feet away from her, and was struck, she was guilty of contributory negligence.

[Ed. Note.—For other cases, see Street Railroads, Cent. Dig. §§ 204–209; Dec. Dig. § 98.*]

Robson, J., dissenting.

Appeal from Erie County Court.

Action by Bartholomew McCabe against the International Railway Company and the Crosstown Street Railway Company of Buffalo. From a judgment of the Erie County Court upon the verdict of a jury, defendants appeal. Reversed, and new trial granted.

Argued before McLENNAN, P. J. and WILLIAMS, KRUSE, and ROBSON, JJ.

Norton, Penny & Sears and Dana L. Spring, for appellants.
Charles B. Moulthrop and Clinton T. Horton, for respondent.

WILLIAMS, J.  The judgment and order should be reversed, and a new trial granted, with costs to the appellant to abide event.

The action was for negligence. A street car ran against plaintiff's wife at a street crossing, and the plaintiff seeks to recover for loss of services by reason of her injuries, and for care and medical attendance. The only question here involved is contributory negligence.

The street car was running along West avenue very rapidly (30 miles an hour), towards the crossing at Maryland avenue. The plaintiff and his wife saw the car coming all the way down the street, and yet went on the track in front of it when it was so close that the plaintiff barely got over, and his wife was struck when midway between the rails of the track. It was broad daylight. They were old people, but had full possession of their faculties of sight and hearing.

The court charged the jury, if they found the wife stepped upon the track when the car was not more than 5 feet away from her, or if she was struck just as she was stepping upon the track, plaintiff was not entitled to recover. This became the law of the case, and considering the speed of the car, and that the wife was struck when midway between the two rails, it is claimed the car must have been within 5 feet of her when she stepped on the track, and plaintiff was not, therefore, entitled to recover. Whether that be so or not, the wife was clearly guilty of contributory negligence in going upon the track in front of the car, when it was so close to her that it struck her when she was midway between the rails.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Of course, the defendant was negligent in approaching the crossing at so great speed; but the wife saw the car all the way down the street, or could have seen it if she had looked. She knew it was coming, and was close to her, and she was guilty of contributory negligence in going upon the track in front of it.

There is no need to refer to or discuss other cases. This case is clearly one for reversal. All concur, except ROBSON, J., who dissents.